**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE APPLICATION FOR** | ) | **CASE NO. 1:19 mc 77** |
| **JUDICIAL ASSISTANCE** | ) | |
| **PURSUANT TO 28 U.S.C. § 1782** | ) | **JUDGE DAN AARON POLSTER** |
| **OF EDWARD D. FAGAN** | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER DENYING** |
| | ) | **APPLICATION FOR DISCOVERY** |
| | ) | **PURSUANT TO 28 U.S.C. § 1782** |

*Pro se* Applicant Edward Fagan ("Fagan") brings this *ex parte* miscellaneous action seeking assistance from the Court pursuant to 28 U.S.C. § 1782 to obtain discovery from (1) Huntington National Bank ("Huntington") and David Gory and (2) J.P. Morgan Chase Bank ("Chase") and Johnbull Ejovi, which Fagan claims will aid in a criminal investigation in South Africa. Doc. #: 1. Upon review of Fagan's Application and the relevant law, the Application is denied.

**A. Background**

The Application states that a "Nigerian Type Internet & Bank Fraud" was committed against Fagan and his partners and predecessors. He claims that fake email addresses and domain names were used to defraud Fagan and others out of millions of dollars. Fagan states he and his predecessors and partners believed they were sending money to Huntington and Chase to acquire a lawful interest in an estate, property, and other assets. According to Fagan, these monies and assets did not actually exist.

Fagan states that in the Republic of South Africa, the South African Police Services ("SAPS") are conducting a criminal investigation regarding this fraud, which he identifies as SAPS Sinoville Case # 3471/1/2019. Fagan seeks an order from this Court to obtain information from Huntington and Gory, and Chase and Ejovi, which Fagan claims will assist the SAPS in identifying the persons behind the fake domain names and email addresses used to perpetrate the fraud.

**B. Analysis**

Because Fagan is proceeding *pro se*, the Court will liberally construe his Application. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, the Court is not required to conjure factual allegations or claims on Fagan's behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a *pro se* litigant,...it... does not require a court to conjure allegations on a litigant's behalf.").

Section 1782(a) provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person[.]"

Plaintiff represents that the information sought from Huntington, Chase, Gory and Ejovi will assist the SAPS with their criminal investigation, which he describes as a "foreign proceeding." Doc. #: 1 at 7. But providing information to a "foreign proceeding" is not the statutory criteria. The statute requires that the information sought be "for use in a proceeding in a foreign or international tribunal." "[T]he term 'tribunal' ... includes investigating magistrates,

-2-

administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts[.]" *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 724 (6th Cir. 2019) (internal quotation marks omitted) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248-49, 258 (2004) (citation omitted)). Fagan's Application fails to satisfy the requirements of § 1782(a) because the SAPS's criminal investigation does not constitute a proceeding before a foreign or international tribunal. *See In re Fagan*, No. CV 19-MC-00037-RM, 2019 WL 5819972, at *1 (D. Colo. Nov. 7, 2019) (the SAPS is not a "tribunal" within the meaning of § 1782(a)) (citing *Intel Corp.*, 542 U.S. at 258); *In re Fagan*, No. CV 19-MC-91210-ADB, 2019 WL 2267063, at *3 (D. Mass. May 28, 2019) (Fagan's application for discovery pursuant to § 1782(a) to aid the Republic of South Africa in a criminal investigation concerning internet fraud does not satisfy the statute's requirement that the discovery is "for use in a proceeding in a foreign or international tribunal"); *see also Fagan v. J.P. Morgan Chase Bank*, No. SA-19-MC-00111-FB, 2019 WL 984281, at *2 (W.D. Tex. Feb. 28, 2019) (Fagan's application under § 1782(a) to obtain evidence from financial institutions and account holders to present to South African authorities and investigators does not establish that a proceeding in a foreign or international tribunal is within reasonable contemplation) (citing *Intel Corp.*, 542 U.S. at 259) (further citation omitted). Accordingly, the Application must be denied on this basis alone.

But even if § 1782(a)'s requirements were satisfied, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so[,]" and the Supreme Court has identified four factors that "bear consideration in ruling on a § 1782(a) request." *Intel Corp.*, 542 U.S. at 264. First, whether the person from whom discovery is

sought is a participant in the foreign proceeding, second, the nature and character of the foreign proceedings, third, whether the request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and fourth, whether the request is unduly intrusive or burdensome. *Id*. (citations omitted).

Having considered these factors, even if the requirements of § 1782(a) were satisfied, the Court would deny the Application. Fagan's Application as a self-declared victim of internet fraud to obtain information in hopes of assisting the South African Police in their criminal investigation and "future prosecution" of the Nigerian internet fraudsters appears to be nothing more than a self-serving fishing expedition and an attempt to circumvent foreign evidence gathering laws, despite his conclusory assertions to the contrary (*see* Doc. 1 at 7). *See Fagan*, 2019 WL 984281, at *2 ("This Court should not permit a self-declared victim of a fraudulent scheme to utilize Section 1782 in hopes that it might possibly aid an investigation by the South African Police at some point in the future. To do so would be to countenance the very kind of "fishing expedition" district courts are counseled to guard against.") (collecting cases); *In re Fagan*, 2019 WL 2267063, at *3 ("Even if Fagan satisfied the minimum statutory requirements of Section 1782, the Court would deny the application upon a consideration of the *Intel* factors. The application is most likely an attempt to circumvent ordinary proof-gathering practices for a criminal matter, which would should occur through law enforcement channels rather than through an individual like Fagan.") (citing *Heraeus Kulzer, GmbH v. Biomet, Inc*., 633 F.3d 591, 594 (7th Cir. 2011) ("[D]istrict courts must be alert for potential abuses that would warrant a denial of an application to be allowed to take such discovery.")); *In re Fagan*, 2019 WL 5819972, at *2 (Fagan summarily states that he is not attempting to circumvent foreign

discovery restrictions or policies, "implicitly acknowledging such restrictions and policies exist," but fails to explain why his request does not circumvent them.). Finally, given that the Application fails to satisfy the statutory criteria, and upon consideration of the *Intel* factors, the requested discovery "would be unduly intrusive and burdensome given the lack of a proper purpose." *In re Fagan*, 2019 WL 2267063, at *3.

## C. Conclusion

For all of the foregoing reasons, Fagan's Application pursuant to 28 U.S.C. § 1782 is DENIED. This case is closed.

**IT IS SO ORDERED**.

s/ *Dan Aaron Polster*      12/30/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**
